**BANES HOREY BERMAN & MILLER, LLC**
**201 Marianas Business Plaza**
**1 Nauru Loop, Susupe, Saipan, CNMI**
**Mail: P.O. Box 501969 Saipan MP 96950**
**Phone: 234-5684      Fax: 234-5683**
**E-mail: jhorey@pacificlawyers.law**

**Attorneys for Plaintiffs**

FILED
Clerk
District Court

SEP 1 5 2021

for the Northern Mariana Islands
By _____
(Deputy Clerk)

## IN THE DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MD. ASHIQUZZAMAN, MIR FOZLE MEHEDI, and MD. SAZEDUL ISLAM, | )<br>)  Case No. 1:21-cv-_____<br>) |
| Plaintiffs, | )<br>) |
| v. | )  COMPLAINT<br>) |
| MIR CORPORATION, | )<br>) |
| Defendant. | )<br>)<br>) |

CV 21-00033

COMES NOW Md. Ashiquzzaman, Mir Fozle Mehedi, and Md. Sazedul Islam, by and through counsel, and hereby complain against the Defendants as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to Covenant § 401-402 (authorizing Congress to create this Court), 48 U.S.C. § 1821-22 (creating this Court and granting it the jurisdiction of a district court), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1332(a)(2) (diversity jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

2.      The amount in controversy for each Plaintiff exceeds $75,000.00.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### PARTIES

4.      Plaintiffs are citizens of the People's Republic of Bangladesh currently residing on Saipan, CNMI.

5.     Defendant Mir Corporation is a corporation organized and existing under the laws of the CNMI.  It is engaged in the business of retail trade, construction and farming, among other things, with its principal place of business in San Antonio, Saipan.

## FACTS

6.     From July 2016 to December 2018, Plaintiff Md. Ashiquzzaman was employed by Defendant, primarily as a butcher at Defendant's store, Toha Supermarket.

7.     From September 2016 to June 2017, Plaintiff Mir Fozle Mehedi was employed by Defendant, primarily doing maintenance work and farming.

8.     From 2015 to March 2021, Plaintiff Md. Sazedul Islam was employed by Defendant, primarily doing various jobs in Toha Supermarket.

9.     Defendant regularly paid Plaintiffs for their work at a rate of less than $6.05 per hour.

### FIRST CAUSE OF ACTION:
### FAIR LABOR STANDARDS ACT
### (by Plaintiffs Ashiquzzaman and Islam)

10.     The allegations in Paragraphs 1 through 9 are realleged and incorporated here by reference.

11.     While employed by Defendant, Plaintiffs were engaged in commerce or in the production of goods for commerce.  On information and belief, Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

12.     The regular time and overtime wages paid by Defendant to Plaintiffs were lower than the amount prescribed for the CNMI at the time by the Fair Labor Standards Act of 1938 and the Fair Minimum Wage Act of 2007.

13.     Defendant's failure to pay lawful wages to Plaintiffs was willful.

14.    As a result of Defendant's failure to pay Plaintiffs' lawful wages, Defendant is liable to Plaintiffs, pursuant to 29 U.S.C. § 216(b), in the amount of their unpaid minimum wages, their unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION:
## TRAFFICKING VICTIMS PROTECTION ACT
### (by all Plaintiffs)

15.    The allegations in Paragraphs 1 through 14 are realleged and incorporated here by reference.

16.    Defendant knowing obtained Plaintiffs and their labor by threats of force, threats of serious harm to Plaintiffs, abuse of law or legal process, and fraud, for the purpose of subjecting Plaintiffs to involuntary servitude and debt bondage.

17.    Defendants knowingly confiscated and possessed Plaintiffs Ashiquzzaman's and Mehedi's passports in the course of the aforesaid conduct, to attempt to prevent or restrict, without lawful authority, said Plaintiffs' liberty to move or travel, in order to maintain their labor services.

18.    As a result of Defendant's aforesaid conduct, Defendant is liable to Plaintiffs, pursuant to 18 U.S.C. § 1595(a), for damages and reasonable attorney's fees.

## THIRD CAUSE OF ACTION:
## BREACH OF CW-1 PERMIT AGREEMENT
### (by Plaintiffs Ashiquzzaman and Mehedi)

19.    The allegations in Paragraphs 1 through 19 are realleged and incorporated here by reference.

20.    Defendant obtained CW-1 permits authorizing Plaintiffs to work for Defendant, pursuant to an agreement with the United States whereby Defendant agreed to pay them a wage

not less than the greater of the CNMI minimum wage, the federal minimum wage, and the prevailing wage in the CNMI for their occupation.

21.     Defendant's agreement to pay wages as aforesaid was for the intended benefit of Plaintiffs.

22.     Defendant failed to pay wages to Plaintiffs at the rates provided in their agreements with the United States.

23.     As a result of Defendant's breach of its agreements with the United States, Defendant is liable to Plaintiffs, as third party-beneficiaries of that agreement, for contract damages pursuant to federal common law.

### FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT
### (by Plaintiffs Ashiquzzaman and Mehedi)

24.     The allegations in Paragraphs 1 through 23 are realleged and incorporated here by reference.

25.     Plaintiffs entered into valid and binding written employment contracts with Defendant, in which Defendant agreed to pay Plaintiffs at the rate of $6.05 per hour for their labor, and at 1.5 times that rate for overtime work.

26.     Plaintiffs performed all duties on their part to be performed under their respective contracts with Defendant.

27.     Defendant failed to pay wages to Plaintiffs at the rates provided in their employments contracts.

28.     As a consequence of Defendant's breach of its employment contracts with Plaintiffs, Defendant is liable to Plaintiffs for contract damages pursuant to CNMI common law.

### FIFTH CAUSE OF ACTION:
### COMMONWEALTH EMPLOYMENT ACT
### (by all Plaintiffs)

29.     The allegations in Paragraphs 1 through 30 are realleged and incorporated here by reference.

30.     Plaintiffs were foreign national workers within the meaning of the Commonwealth Employment Act.

31.     Defendant willfully failed to pay Plaintiffs the lawful minimum wage for regular time and overtime work they performed for him, in violation of the Commonwealth Employment Act, 3 CMC § 4931(c).

32.     As a consequence of Defendant's willful violations of law, he is now liable to Plaintiffs for the full amount of their unpaid wages and overtime compensation, as well as liquidated damages in no less than twice the amount of unpaid wages or overtime compensation, and a reasonable attorney's fees, pursuant to the Commonwealth Employment Act, 3 CMC § 4947.

### SEVENTH CAUSE OF ACTION
### RESTITUTION
### (by all Plaintiffs)

33.     The allegations in Paragraphs 1 through 32 are realleged and incorporated here by reference.

34.     By failing to pay Plaintiffs in full for their work, while collecting pay for that work from his clients, Defendant was unjustly benefited and enriched at Plaintiffs' expense, entitling Plaintiffs to restitution.

35.     Plaintiffs are entitled to restitution from Plaintiff for the value of the work they performed for him, under the equitable principle of *quantum meruit*.

## EIGHTH CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION
### (by all Plaintiffs)

36.  The allegations in Paragraphs 1 through 35 are realleged and incorporated here by reference.

37.  Defendant collected recruitment fees from Plaintiffs Ashiquzzaman and Mehedi in the amounts of at least $10,000 each, upon the representation that they would work at good jobs on Saipan, earning salaries of up to $2000 per month, and obtaining permanent U.S. residency.

38.  Defendant collected fees in the total amount of $1200 from Plaintiff Islam upon the representation that he would use the funds to obtain a CW-1 visa for Islam.

39.  Defendant's representations were knowingly false when made, and were made for the purpose of deceiving Plaintiffs and enriching Defendant at Plaintiffs' expense.

40.  Plaintiffs reasonably relied on Defendants' misrepresentations to their detriment.

41.  As a consequence of the foregoing, Plaintiffs are entitled to damages from Defendant for fraudulent misrepresentation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray the Court grant them the following relief:

1.      Compensatory damages in an amount to be proven at trial;

2.      Incidental and consequential damages, including damages for emotional distress.

3.      Liquidated damages as provided by US and CNMI statute;

4.      Punitive damages;

5.      Prejudgment interest;

6.      Restitution;

7.      Reasonable attorney's fees;

8.      Costs of suit; and

9.    Such other and further relief as this Court deems just and proper.

Respectfully submitted this 15th day of September, 2021.

BANES HOREY BERMAN & MILLER, LLC
Attorneys for Plaintiffs

By: _____
Joseph E. Horey

7